Richard W. Epstein
Jeffrey A. Backman
GREENSPOON MARDER, PA
*Admitted Pro Hac Vice*
200 East Broward Blvd., Suite 1500
Fort Lauderdale, FL 33301
Tel: (954) 491-1120

Shaji M. Eapen
Morgan Melhuish Abrutyn
651 West Mt Pleasant Avenue, Suite 200
Livingston, NJ 07039
973-994-2500

*Attorneys for CCL*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   **ECF Case**

BRIAN M. JACKSON
Individually and on behalf of a class        Case No.: 2:14-cv-02485-ADS-AKT

      Plaintiffs,        Honorable J. Spatt
                                              Honorable M. Tomlinson

v.

CARIBBEAN CRUISE LINE, INC., and
Does 1-10

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT CARIBBEAN CRUISE LINE, INC.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) AND <u>MEMORANDUM IN SUPPORT</u>

Defendant CARIBBEAN CRUISE LINE, INC. ("CCL") moves this Court to dismiss Plaintiff's Class Action Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and this Court's Local Civil Rule 7.1. This Court should dismiss Plaintiff's Class Action Complaint because the Complaint does not state a plausible claim for relief against CCL for violations of the Telephone Consumer Protection Action, 47

i

U.S.C. § 227 *et seq*. (the "TCPA") and the Complaint's class action allegations are deficient as a matter of law. This Motion is based on the accompanying Memorandum of Points and Authorities.

*Brian M. Jackson v. CCL*
*Motion to Dismiss pursuant 12(b)(6)*

# TABLE OF CONTENTS

I.    INTRODUCTION AND BACKGROUND......................................................................1

II.    ARGUMENT .................................................................................................................2

    A. THE CLASS ACTION COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED..................................................................................................3

    B. PLAINTIFF'S CLAIM FOR A CLASS ACTION IS NOT PLAUSIBLE AND MUST BE DISMISSED...................................................................................................................9

III.    CONCLUSION............................................................................................................13

*Brian M. Jackson v. CCL*
*Motion to Dismiss pursuant 12(b)(6)*

# TABLE OF AUTHORITIES

**Cases**

*Abbas v. Selling Source, LLC*, No. 09-cv-3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009) ......5
*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................................. 3, 4, 5, 11
*Ashland Hosp. Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F.Supp.2d 633 (E.D. Ky. 2011) ...............................................................................................3
*Baranski v. NCO Fin. Sys., Inc.*, 13 CV 6349 ILG JMA, 2014 WL 1516160 (E.D.N.Y. Apr. 18, 2014)..............................................................................................................................8
*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) .................................................................3, 4
*Birchmeier v. Caribbean Cruise Line, Inc.*, 12 C 4069, 2012 WL 7062748 (N.D. Ill. Dec. 31, 2012)..............................................................................................................................4
*Brown v. Michigan Dep't of Corrections*, No. 06-14468, 2007 WL 295235, (E.D. Mich. Jan. 29, 2007)..............................................................................................................................2
*Charvart v. Farmers Insurance Columbus* (2008), 178 Ohio App. 3d 118, 2008-Ohio-4353, 897 N.E.2d 167 ...............................................................................................................7
*Cook Cnty. College Teachers Union, Local 1600, American Federation of Teachers v. Byrd*, 456 F.2d 882 (7th Cir. 1972)..............................................................................................10
*Davidson v. Yeshiva Univ.,* 555 F. Supp. 75 (S.D.N.Y. 1982).....................................................11
*Dish Network, L.L.C. v. Fed. Commc'ns Comm'n*, 13-1182, 2014 WL 323660 (D.C. Cir. Jan. 22, 2014)..............................................................................................................................4
*Doctor v. Seaboard Coast Line R.R. Co.,* 540 F.2d 699 (4th Cir. 1976) .....................................11
*Forman v. Data Transfer*, 164 F.R.D. 400 (E.D. Pa. 1995).........................................................13
*Gene and Gene, LLC v. Biopay LLC*, 541 F.3d 318 (5th Cir. 2008) ...........................................13
*Gloria v. Allstate Cnty. Mut. Ins. Co.*, C/A SA-99-CA-676-PM, 2000 WL 35754563 (W.D. Tex. Sept. 29, 2000) ......................................................................................................10
*In Re Am. Me. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1976) ...............................................................10
*In re Iowa Ready Mix Concrete Antitrust Litigation,* 768 F. Supp. 2d 961 (N.D. Iowa 2011).....11
*Johnson v. Nextel Commc'ns, Inc.*, 293 F.R.D. 660 (S.D.N.Y. 2013) .........................................11
*Knutson v. ReplyA, Inc.*, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011) ......................................5, 8
*Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010) ...........................................5, 6
*Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala.Civ.App.2005) ............................7
*Mais v. Gulf Coast Collection Bureau, Inc.,* 944 F. Supp. 2d 1226 (S.D. Fla. 2013) .............3, 6, 7
*Myers v. Stoneleigh Recovery Associates*, CIV S-11-1753 LKK, 2012 WL 1356752 (E.D. Cal. Apr. 18, 2012) ......................................................................................................4
*Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398 (D.N.J. 1999)........................................11
*Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. 2005) ......................................................11
*Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008) .................................................................3
*Thomas v. Taco Bell Corp.*, SACV 09-01097-CJC, 2012 WL 3047351 (C.D. Cal. June 25, 2012) ....................................................................................................................................7
*Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898 (N.D. Ill. 2012).........................8
*Tianbo Huang v. iTV Media, Inc.*, 13-CV-3439 JFB WDW, 2014 WL 1377500, (E.D.N.Y. Apr. 8, 2014) ......................................................................................................................2
*Travis v. City of Chicago*, 86 C 1133, 1984 WL 15709 (N.D. Ill. Sept. 16, 1984) ......................10
*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)........................................................ 12, 13
*Weathers v. Peters Realty Corp.*, 499 F.2d 1197 (6th Cir. 1974)................................................10

*Yanes v. Ocwen Loan Servicing, LLC*, 13-CV-2343 JS GRB, 2014 WL 1428013, (E.D.N.Y. Apr. 14, 2014) .................................................................................................................. 2

**Statutes**
28 U.S.C. § 1658 ........................................................................................................................... 9
47 U.S.C. § 227 ............................................................................................................................. 1
47 U.S.C. § 227(a)(1) .................................................................................................................... 5
47 U.S.C. § 227(b)(1)(A) .............................................................................................................. 6
47 U.S.C. § 227(b)(1)(A)(iii) .................................................................................................... 3, 6
47 U.S.C. § 227(b)(3)(B) .............................................................................................................. 6
47 U.S.C. § 227(c)(5)(B) .............................................................................................................. 6
47 U.S.C. § 64.1200 ...................................................................................................................... 6
Fed. R. Civ. P. 23(a) .................................................................................................................... 10
Fed. R. Civ. P. 23(b) .................................................................................................................... 11
Fed. R. Civ. P. 8(a) ........................................................................................................................ 2
Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 13

**Other Authorities**
*In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules*, 28 F.C.C. Rcd. 6574 (2013) ................................................ 3

I.      INTRODUCTION AND BACKGROUND

On April 18, 2014, Plaintiff commenced the instant action against CCL and several "Doe Defendants." Plaintiff's Class Action Complaint seeks to certify a class and consists of one (1) "count" for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). This "count" is asserted against CCL and the Doe Defendants together and essentially consists of language quoting the TCPA and the following four (4) allegations:

> 18. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls, in that they were required to pay for such receipt, either on a per message basis or because the receipt counted against the number of minutes or messages they pay for. Furthermore, plaintiff's statutory right of privacy was invaded.
> 19. Plaintiff and each class member is entitled to statutory damages.
> 20. Defendants violated the TCPA even if their actions were only negligent.
> 21. Defendants should be enjoined from committing similar violations in the future.

DE: 1 ¶¶ 18 - 21. The prior paragraphs of the Class Action Complaint consist of similar boiler-plate, conclusory allegations against CCL and the Doe Defendants. According to the Class Action Complaint, Plaintiff alleges: that CCL is responsible for "sending or causing the sending of unsolicited text message calls" upon which Plaintiff's claims are based; that "on information and belief, the text message calls were made as a part as a part of a mass broadcasting of text message calls"; that "on the following dates, Plaintiff Brian M. Jackson received unsolicited text messages on Plaintiff's cellular telephone: March 25, 2014"; the "Plaintiff had no prior relationship with Defendant and had not authorized the calls"; that "there is no reasonable means for Plaintiff or other recipients of Defendants' text message calls to avoid receiving them"; and that the class of Plaintiffs is so numerous that "on information and belief there are more than forty (40) members of the class." DE: 1 ¶¶ 1, 9, 11, 14, 23.

The foregoing is the supposed "factual basis" for the one "count" asserted by Plaintiff against CCL and the Doe Defendants and for the maintenance of this matter as a class action.

1

However, because the Class Action Complaint fails to contain any specific *factual* allegations as to CCL, fails to allege the actual content of the alleged text message (instead only provides the date), fails to allege the text was sent using automated telephone dialing equipment (but instead merely cites and quotes various sections of the TCPA), fails to set forth any facts which would support a cause of action against CCL for a purported violation of the TCPA, and fails to set forth any facts which would support the maintenance of this matter as a class action, the Class Action Complaint must be dismissed.

## II.  ARGUMENT

Plaintiff's Class Action Complaint fails to state a claim upon which relief may be granted.  A motion pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See Yanes v. Ocwen Loan Servicing, LLC*, 13-CV-2343 JS GRB, 2014 WL 1428013, at *5 (E.D.N.Y. Apr. 14, 2014). When examining the merits of a Rule 12(b)(6) motion, the complaint's factual allegations are accepted as true and construed most favorably to the plaintiff. *Brown v. Michigan Dep't of Corrections*, No. 06-14468, 2007 WL 295235, at *1 (E.D. Mich. Jan. 29, 2007); *see also Tianbo Huang v. iTV Media, Inc.*, 13-CV-3439 JFB WDW, 2014 WL 1377500, at *2-3 (E.D.N.Y. Apr. 8, 2014).  While "well-pleaded" factual allegations are required to be accepted as true, the court does not have any obligation to accept as true legal conclusions or unwarranted factual inferences. *Id.* at * 1; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 664(2009).  Federal Rule of Civil Procedure 8(a) sets for the basic federal pleading standard, requiring a "short and plain statement of the claim" that sufficiently notifies *each* defendant of both the claim and its supporting grounds. FED. R. CIV. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).   However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly,* 550

U.S. at 555-56 n. 3. Consequently, plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545. "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id*. In short, an actionable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547; *Ashcroft,* 556 U.S. at 698.

### A.   THE CLASS ACTION COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff fails to plead a proper cause of action for purported violations of the TCPA. First, Plaintiff bases his claim for a purported violation of the TCPA against CCL upon the conclusory assertion that CCL is responsible for "sending or causing the sending of unsolicited text message calls." DE: 1 ¶¶ 1, 11. Congress made it clear that with respect to cellular telephones, only the person that "makes" the prohibited call is liable for a violation of the statute. 47 U.S.C. § 227(b)(1)(A)(iii); *see also Mais v. Gulf Coast Collection Bureau, Inc.,* 944 F. Supp. 2d 1226, 1241-42 (S.D. Fla. 2013); *Ashland Hosp. Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F.Supp.2d 633, 645-46 (E.D. Ky. 2011) (dismissing a complaint brought against an entity that did not make the alleged violative calls). *But see Birchmeier v. Caribbean Cruise Line, Inc.*, 12 C 4069, 2012 WL 7062748 (N.D. Ill. Dec. 31, 2012). Admittedly, Defendant acknowledges that the FCC has recently opined that general agency principles can apply when construing "vicarious liability" under the TCPA. *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules*, 28 F.C.C. Rcd. 6574, 6582 (2013). *But see Dish Network, L.L.C. v. Fed. Commc'ns Comm'n*, 13-1182, 2014 WL 323660, at * 5 (D.C. Cir. Jan. 22, 2014) (Although FCC

3

issued an Order, the Court of Appeals recognized that it is not binding on any court and that it is not entitled to deference).

However, Plaintiff makes no such allegation against CCL. Instead, Plaintiff's allegation that CCL is "responsible" for the text message is a self-serving unsupported conclusion, completely devoid of supporting facts. In fact, Plaintiff's allegations are so cursory that he does not say what this text message actually said; instead, he only says he "received unsolicited text messages" on March 25, 2014. DE: 1 ¶ 9. Further, Plaintiff offers no facts to even attempt to link the text(s) to CCL. In short, the lack of factual support makes it impossible for CCL to prepare a defense, or even respond to the Complaint.

Second, Plaintiff provides no notice to CCL regarding the specific provision(s) of the TCPA that CCL is alleged to have violated. Instead, Plaintiff's Complaint cites to the TCPA and says that it prohibits unwanted text messages. DE: 1 ¶¶ 15, 17. *Nowhere does the Complaint actually allege that CCL violated **specific provisions** of the TCPA*. As a result, the Complaint does not provide CCL with notice of the precise nature of the statutory violation asserted against it. Such allegations are required for Plaintiff to state a claim. *See Twombly,* 550 U.S. at 555; *Ashcroft,* 556 U.S. 662; *see also Myers v. Stoneleigh Recovery Associates*, CIV S-11-1753 LKK, 2012 WL 1356752, at *5 (E.D. Cal. Apr. 18, 2012). Further, sufficient facts must be alleged to support such an assertion.

Third, Plaintiff asserts "on information and belief" that such text(s) were "made as a part of a mass broadcasting of text message calls." DE: 1 ¶ 13. However, Plaintiff's allegation, once again, is a self-serving unsupported conclusion, completely devoid of supporting facts. How did Plaintiff reach this conclusion? What *facts* support it, if any? In fact, Plaintiff later asserts that the purported class is "more than forty (40)." DE: 1 ¶ 23. Forty individuals does not constitute

4

"mass broadcasting" under any stretch of the imagination, even if Plaintiff's conclusory allegations are accepted as true. Legal conclusions will not suffice to state a plausible claim for relief, yet here, that is all Plaintiff provides. *Ashcroft*, 556 U.S. at 678-79; *Abbas v. Selling Source, LLC*, No. 09-cv-3413, 2009 WL 4884471, at *1 (N.D. Ill. Dec. 14, 2009) ("Legal conclusions, however, are not entitled to any assumption of truth.").

Fourth, Plaintiff's Class Action Complaint similarly fails to plead any facts that CCL used "automatic dialing technology." Section 227(a)(1) states:

> (a) Definitions
> As used in this section –
> (1) The term "automatic telephone dialing system" means equipment which has the capacity—
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers.

47 U.S.C. § 227(a)(1). Courts have recognized that "as an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.' Such a naked assertion need not be taken as true." *Knutson v. ReplyA, Inc.*, 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (quoting *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010)). While the court in *Knutson* acknowledged that "it may be difficult for a plaintiff to know the type of calling system used without the benefit of discovery," it nonetheless held that the Plaintiff's conclusory allegations required dismissal. *Id.* Conversely, in *Kramer*, the complaint contained factual allegations about the call itself to otherwise infer the use of an automatic system. *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010). In this case, however, *Plaintiff's Class Action Complaint provides no allegation whatsoever that an automated dialing system was used.* Further, no details about the text

5

message are provided to allow this Court to infer that the text message falls within the definition of an "automatic telephone dialing system."

Finally, Plaintiff's allegation that CCL is "responsible" for the text message cannot withstand a motion to dismiss. While some case law exists to support the contention that a party *may* be liable under the TCPA even though that party does not "make" the call, subsection 227(b)(1)(A) only makes it unlawful to "make" a call and says nothing about calls being made on another person or entity's "behalf." 47 U.S.C. § 227(b)(1)(A) (Compare this Subsection to Subsection 227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list). Subsection 227(c) does not appear to be at issue in this case. Substantial difficulty is presented here, where Plaintiffs fail to allege the particular statutory section upon which their claims are based.) Indeed, Congress made it clear that with respect to cellular telephones, only the person that "makes" the prohibited call is liable for a violation of the statute. 47 U.S.C. § 227(b)(1)(A)(iii); *see also Mais,* 944 F. Supp. 2d at 1241-42. Conversely, Subsection 227(c) contains language which allows the imposition of "on behalf of" liability for solicitations to individuals on the "Do Not Call" list. There is even a distinction with respect to the available remedies under these separate statutory subsections which reveal Congress' intent to not allow "on behalf of" liability for violations of Subsection 227(b). *Compare* 47 U.S.C. § 227(b)(3)(B) ("$500 in damages for each violation"), *with* 47 U.S.C. § 227(c)(5)(B) (stating that an action may brought against the entity making a call "on behalf of" another entity for "up to $500 in damages for each such violation."); *see also* 47 U.S.C. § 64.1200 – where only Subsection (a)(2) imposes potential liability for the person or entity that may "cause [the telephone call] to be initiated." Due to Plaintiff's deficient pleading, it is unknown what

6

purported violations Plaintiff seeks to pursue by way of this action. Plaintiff's failure to clearly identify the basis for his claim adds to the confusion.

Even assuming vicarious liability is available under Subsection 227(b), sufficient allegations of "direction" and "control" must be provided. *See* DE: 1 ¶ 22 (where Plaintiff uses conclusory "on behalf of" language to frame the proposed class). For example, Plaintiff here must have pleaded facts that establish that CCL had the right to control the text message, that CCL had the right to control the content of the text message, that CCL directed others to make the text message, that CCL had any operational control over any automated dialing equipment, that CCL in any way approved the text message, the content of the text message or the use of any automated dialing equipment, or that CCL had any input or control over who was contacted, but Plaintiff has not included any such allegations. *Mais,* 944 F. Supp. 2d at 1241-42; *Thomas v. Taco Bell Corp.*, SACV 09-01097-CJC, 2012 WL 3047351 at * 4 (C.D. Cal. June 25, 2012); *Charvart v. Farmers Insurance Columbus* (2008), 178 Ohio App. 3d 118, 2008-Ohio-4353, 897 N.E.2d 167; *Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala.Civ.App.2005). Even though the FCC has recently opined that general agency principles can apply when construing "vicarious liability" under the TCPA, nothing in this Declaratory Ruling negates a plaintiff's obligation to plead such a theory should the plaintiff believe such a claim is plausible. Simply stating that CCL is "responsible" for "sending or causing the sending of unsolicited text message calls" will not suffice. DE: 1 ¶¶ 1, 11.

Legal conclusions are particularly insufficient in class actions such as these where Plaintiff accuses CCL of engaging in "mass broadcasting" of illegal text messages. Plaintiff must provide *facts*, which he has blatantly failed to do and cannot do, as no such facts exist with respect to CCL. In order to satisfy his pleading requirements and state a cause of action against

7

CCL for purported violations of the TCPA, Plaintiff must establish that CCL (1) made the call(s); (2) Plaintiff was charged for the call; and (3) the call was made using any automatic telephone dialing system or an artificial or prerecorded voice. *See Baranski v. NCO Fin. Sys., Inc.*, 13 CV 6349 ILG JMA, 2014 WL 1516160, at *1 (E.D.N.Y. Apr. 18, 2014) ("In order to plead a TCPA claim, a plaintiff 'must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS.'"); *Knutson*, 2011 WL 291076 at *1-2 (Plaintiffs must also establish that the calls were made without their consent, but the FCC has clarified that consent is to be raised as an affirmative defense and is not considered to be an element that must be pled); *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 907 (N.D. Ill. 2012). Plaintiff's Complaint fails to provide the cellular telephone number called, fails to provide the telephone number from which the text was allegedly sent, fails to identify the number of text messages received, fails to describe any content of the text message, fails to provide facts linking CCL to the text message, fails to provide facts that Plaintiff was charged for the text message, fails to provide facts that the text message was sent to cellular telephones, fails to allege facts that the text message was made with automated telephone equipment, and fails to provide any facts whatsoever which would even support an inference that the text message was made using automatic telephone equipment. Therefore, this Court should grant CCL's Motion to Dismiss.

### B. PLAINTIFF'S CLAIM FOR A CLASS ACTION IS NOT PLAUSIBLE AND MUST BE DISMISSED.

Plaintiff's class action is defective for several reasons and cannot withstand a Motion to Dismiss. First, the proposed class is so broad that it is absurd. Plaintiff seeks to represent a putative nationwide class consisting of:

> (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) were sent text message calls by or on behalf of Defendant Caribbean Cruise Line, Inc.

DE: 1 ¶ 22. The class definition thus includes recipients of lawful text messages. For example, assuming *arguendo* that CCL ever sent a text message, the class members would include those individuals with existing business relationships with CCL, as well as individuals who authorized CCL to send such messages. In fact, as framed, the class is so broad that prospective class members would also include employees of CCL who may receive text messages in the ordinary course of business.

Second, the Class Action Complaint is deficient because it merely contains a "bare recitation" of the elements of a class action. "Mere repetition of the language of Rule 23(a) is not sufficient" and "[t]here must be an adequate statement of the basic *fact[s]* to indicate that each requirement of the Rule is fulfilled." *Gloria v. Allstate Cnty. Mut. Ins. Co.*, C/A SA-99-CA-676-PM, 2000 WL 35754563, at *8 n.109 (W.D. Tex. Sept. 29, 2000) (citing to *In Re Am. Me. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1976)); *Cook Cnty. College Teachers Union, Local 1600, American Federation of Teachers v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) (holding that the class seeking to be certified was "obliged in its complaint to allege facts bringing the action within the appropriate requirements of the Rule."); *Travis v. City of Chicago*, 86 C 1133, 1984 WL 15709, at *2 (N.D. Ill. Sept. 16, 1984); *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974); *Doctor v. Seaboard Coast Line R.R. Co.,* 540 F.2d 699, 706-10 (4th Cir.

1976) (denying class certification because plaintiff provided no facts about the existence of alleged class); *Davidson v. Yeshiva Univ.,* 555 F. Supp. 75, 77 (S.D.N.Y. 1982) ("When the plaintiff fails to aver, much less establish any facts to support his conclusory allegations of numerous injuries, the class action request should be dismissed."); *Ashcroft,* 556 U.S. at 680-81. The burden is on the plaintiff, the party seeking to utilize the class action device, to establish his right to do so. *Johnson v. Nextel Commc'ns, Inc.*, 293 F.R.D. 660, 668 (S.D.N.Y. 2013); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 385 (W.D.N.Y. 2005). Class action allegations are subject to the same Rule 12(b)(6) standards. *See In re Iowa Ready Mix Concrete Antitrust Litigation,* 768 F. Supp. 2d 961, 974-76 (N.D. Iowa 2011) (granting motion to dismiss where proposed class action lawsuit contained nothing more than conclusory class action allegations); *see also Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 416 (D.N.J. 1999). Thus, as a preliminary matter, Plaintiff must plead ultimate facts to satisfy all four of the prerequisites contained in Rule 23(a), as well as one of the subcategories of Rule 23(b). Indeed, Federal Rule of Civil Procedure 23(a) requires the following prerequisites to maintain a class action:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). In addition, an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and: (2) "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P.

23(b). The Class Action Complaint contains *no facts* to support the conclusory class allegations. By way of example only, the Complaint conclusorily states that "joinder of all members is impractical," that the "Plaintiff will fairly and adequately protect the interests of the class" and that "there are questions of law and fact common to the class that predominate over any questions that affect only individual class members." *See* DE: 1 ¶¶ 23-25. These conclusions are not supported by facts and thus, dismissal is required.

Third, although not properly pleaded, Plaintiff seems to be alleging that Defendant's purported conduct was "knowing" and "willful." *See* DE: 1 ¶ 17. Justifiably, class relief is generally rejected in claims such as these, as the inquiries are highly individualized and specific facts for each putative class member necessarily differs, especially as to matters of proof and reliance. In addition, it will be incumbent upon Plaintiff to demonstrate that Defendant acted knowingly and willfully. Adjudicating these claims would necessarily require a mini-hearing for each possible class member and proof by each class member as to the conduct of CCL. Determining class membership, therefore, would devolve into a series of fact-finding hearings that would effectively render the case unmanageable.

Indeed, the Supreme Court recently rejected a class action based on a purported violation of a statute. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2560 (2011). In *Dukes,* the Supreme Court ruled that the plaintiff must show that class members "have suffered the same injury," not "merely that they have all suffered a violation of the same provision of law." *Id.* The required inquiries here would rely upon highly individualized and specific facts that would differ for each person. Thus, a mini-hearing for each putative class member would be needed. This effectively renders the case unmanageable.

Fourth, Plaintiff fails to identify common questions of law or fact of the purported class sufficient to meet the commonality element. Indeed, Plaintiff offers only two questions that pertain only to the activity of Defendants (including the Doe Defendants, lumping all Defendants together) in relation to the TCPA, but which have nothing to do with the class members' alleged injuries or the specific conduct of Defendants. DE: 1 ¶ 24 (The two questions are: (a) whether defendants engaged in a pattern of sending automated text message calls, and (b) whether defendants thereby violated the TCPA). The questions would only answer whether the putative class members suffered a violation of the same statute, not that the class members suffered the same injury. Not one of these questions relates in any way to demonstrating that each potential class member has suffered any injury, let alone that each has suffered the *same* injury. The Supreme Court noted in *Dukes* that what matters to class certification is not simply the raising of common questions, "but rather, the capacity to generate *common answers* apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at 2551. The answers to Plaintiff's questions have only to do with the alleged violation of particular statutes, they have nothing to do with the individual class members' commonality. Even still, the TCPA requires an individualized showing with respect to each purported class member as to whether consent was provided. According to *Dukes,* this is impermissible. Moreover, class certification in TCPA cases is difficult to obtain, particularly where "consent" will be an issue, which will certainly be the case here. *See, e.g., Gene and Gene, LLC v. Biopay LLC*, 541 F.3d 318, 326 (5th Cir. 2008); *Forman v. Data Transfer*, 164 F.R.D. 400, 405 (E.D. Pa. 1995). In *Gene and Gene*, the Fifth Circuit Court of Appeals held that the "plaintiff must advance a viable theory employing generalized proof to establish liability with respect to the class involved, and it means too that district courts must only certify class actions filed under the TCPA when such a theory has been advanced."

12

Here, however, Plaintiff has not advanced any theory employing generalized proof to establish liability, let alone a *viable* theory.

Plaintiff most likely relies upon Rules 23(a) and 23(b)(3) as the proposed structure of the class he seeks to certify, *although he also fails to mention these Rules in the Complaint*, but Plaintiff provides no facts to support that construction. As explained above, common issues of fact or law do not predominate here, and no class action can plausibly be stated. Likewise, a class action is simply not the superior (or only) mechanism for resolving the issues involved in this lawsuit.

Finally, Plaintiff has not alleged typicality. Without going into a dissertation on Rule 23's requirements, "typicality" requires that the claims of the class representatives be typical of those of the class, and the court must be satisfied that each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *Plaintiff's Complaint lacks any allegations whatsoever regarding typicality.* Plaintiff's claim cannot be typical of the proposed class because Plaintiff is complaining about a telephone text message call to his cellular telephone while the class he purports to represent includes people who allegedly received text calls on their residential telephones. In addition, the law under the TCPA which relates to cell phone calls is different from the law which applies to calls to residential lines. As a result, this Court should grant CCL's Motion to Dismiss.

### III. CONCLUSION

Based upon the foregoing, CCL requests that this Court dismiss Plaintiff's Class Action Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff fails to state a claim upon which relief may be granted.

DATED: May 27, 2014.

13

*Brian M. Jackson v. CCL*
*Motion to Dismiss pursuant 12(b)(6)*

Respectfully submitted,

GREENSPOON MARDER, P.A.

*/s/ Jeffrey A. Backman*
Richard W. Epstein
*Admitted Pro Hac Vice*
Fla. Bar No. 229091
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
*Admitted Pro Hac Vice*
Fla. Bar No. 662501
Jeffrey.Backman@gmlaw.com
200 East Broward Blvd.
Suite 1500
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 343-6958

-and-

MORGAN MELHUISH
ABRUTYN
Shaji Mathew Eapen
651 West Mt Pleasant Avenue
Suite 200
Livingston, NJ 07039
973-994-2500 (Telephone)
973-994-3375 (Fax)
seapen@morganlawfirm.com

*Attorneys for CCL*

*Brian M. Jackson v. CCL*
*Motion to Dismiss pursuant 12(b)(6)*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 27th day of May, 2014, I electronically filed the foregoing utilizing the Court's CM/ECF system on Counsel for Plaintiff:


**Abraham Kleinman**
Kleinman, LLC
626 RXR Plaza
Uniondale, NY 11556-0626
516-522-2621
Fax: 888-522-1692
Email: akleinman@kleinmanllc.com

**Tiffany N. Hardy**
Edelman Combs Latturner & Goodwin
120 S Lasalle Street
Suite 1800
Chicago, IL 60603
(312)739-4200
Fax: (312)419-0379
Email: thardy@edcombs.com

*ATTORNEYS for Plaintiff*


            */s/ Jeffrey A. Backman*
            JEFFREY A. BACKMAN