**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

BRIAN M. JACKSON,
individually and on behalf of a class,

Plaintiff,

v.

CARIBBEAN CRUISE LINE, INC.,
ADSOURCE MARKETING,
and DOES 1-10,

Defendants.

Case No. 2:14-cv-02485-ADS-AKT

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

Defendant moves pursuant to Fed.R.Civ. P. 12(b)(1) to dismiss plaintiff's class claims alleging that this Court lacks subject matter jurisdiction. Specifically, defendant contends that no case or controversy remains as a result of defendant's tender of a Fed.R.Civ. P. 68 offer of judgment *after* plaintiff had filed a motion for class certification. Defendant's position is without merit and as its motion to dismiss should be denied.

## I. FACTS AND PROCEDURAL HISTORY

On April 18, 2014 plaintiff, Brian Jackson, commenced this class action lawsuit alleging that defendant Caribbean Cruise Line, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA) by sending text messages to plaintiff and the class members' cellular telephones. The complaint further alleges that plaintiff had no prior relationship with the defendant and did not authorize the text message calls to his cellular telephone number. Plaintiff asserts claims on behalf of himself and a class defined as (a) all persons (b) who, on or after

April 18, 2010 (28 U.S.C. §1658), (c) were sent text message calls by or on behalf of defendant Caribbean Cruise Line, Inc.

On April 18, 2014, simultaneously with the filing of the class action complaint, plaintiff filed:

- A Motion for Class Certification (Dkt No.4)
- A Memorandum in Support of his Motion for Class Certification (Dkt No. 5)
- A Motion to Enter and Continue Plaintiff's Motion for Class Certification (Dkt. No. 7), and
- A Letter Requesting a Pre-Motion Conference on Plaintiff's Motion for Class Certification (Dkt No. 8)

On April 25, 2014 this Court entered an order denying plaintiff's motion for class certification *without* prejudice, *with leave to re-file upon the completion of class discovery*. (Dkt. No. 10). On May 27, 2014 defendant Caribbean Cruise filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In lieu of responding to defendant's motion to dismiss, plaintiff opted to file an amended complaint. On June 17, 2014, plaintiff filed an amended complaint (Dkt. No. 27); an amended motion for class certification (Dkt No. 27) and supporting memorandum of law (Dkt. No. 28); and a motion to enter and continue plaintiff's motion for class certification (Dkt. No. 29). On June 20, 2014, this Court entered an Order (Dkt. No. 31) denying *without prejudice* plaintiff's amended potion for class certification *with leave to re-file the motion upon completion of class discovery*. A mere 18 days later on July 8, 2014 defendant tendered an offer of judgment pursuant to Fed.R. Civ. 68.

Defendant now moves this Court to dismiss plaintiff's complaint based on an offer of judgment that was tendered *after* plaintiff filed his amended motion for class certification, which this Court denied without prejudice, indicating that the Court deemed the motion to be premature.

## II. DEFENDANT'S RULE 68 OFFER OF JUDGMENT DOES NOT DIVEST THIS COURT OF SUBJECT MATTER JURISDICTION

Defendants' motion to dismiss is without merit. At the time the defendant tendered its Rule 68 offer of judgment, plaintiff had already filed a motion for class certification and as such defendant's Rule 68 offer of judgment did not divest this Court of subject matter jurisdiction. A Rule 68 offer of judgment made to a plaintiff who has diligently pursued his case and diligently filed a motion for class certification, does not moot the plaintiff's claims, nor the pending class action.

Plaintiff filed his initial motion for class certification with his complaint on April 18, 2014. On April 25, 2014 this Court entered an order denying plaintiff's motion for class certification without prejudice with leave to re-file[1]. Subsequently, on June 17, 2014 plaintiff filed an amended complaint accompanied by an amended motion and supporting memorandum for class certification. On June 20, 2014, this Court entered an order denying plaintiff's motion for class certification *without* prejudice with leave to re-file upon the completion of discovery. A mere 18 days after this Court's order denying plaintiff's motion for class certification without prejudice, defendant tendered a Rule 68 offer of judgment in a futile attempt to moot plaintiff's class claims. "Even assuming a preemptive certification motion is needed to preserve class claims, such claims are no less preserved by an order denying that motion without prejudice to renew before final judgment." *Kahn v. Select Portfolio Servicing, Inc.*, 7:13-cv-07862(VB)(S.D.N.Y. Jan. 14, 2014)(internal citations omitted)(**Exhibit 1**). Thus, although this Court denied plaintiff's motion for class certification, the denial was without prejudice and afforded plaintiff the same protection as if the motion for class certification was still pending.

[1] This Court's Order stated in part "The Court denies without prejudice plaintiff's motion for class certification with leave to re-file upon completion of class discovery."

**A. Defendant Did Not Offer Relief to the Class**

Defendant's purported offer of judgment does not offer relief to the putative class, and as such does not moot plaintiff's claims. Numerous district courts in this Circuit have held that a defendant that wishes to make an offer of judgment prior to class certification in the interest of promoting settlement and avoiding protracted litigation, must make the offer on a class-wide basis, and not to the named plaintiff alone. *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003). Numerous district courts, including those in the Second Circuit, are in agreement that "the flexible nature of the mootness doctrine and concerns about buy-offs, have fashioned a rule that, absent undue delay, a plaintiff may move to certify a class and avoid mootness (even after being offered complete relief)." *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004); *McDowall* at 51 (E.D.N.Y. 2003) ("when a Defendant wishes to make a Rule 68 Offer prior to class certification . . . it must do so to the putative class and not to the named Plaintiff alone. . . . [t]his resolution allows the court to avoid the potential friction between Rule 68 and Rule 23."); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001); *Morgan v. Account Collection Tech., LLC*, No. 05-CV-2131 (KMK), 2006 WL 2597865, 2006 U.S. Dist. LEXIS 64528, *15-17 (S.D.N.Y. Sept. 6, 2006); *Vega v. Credit Bureau Enterprises*, No. CV–02–1550 (DGT), 2003 WL 21544258, 2003 U.S. Dist. LEXIS 11539, *3-5 (E.D.N.Y. July 9, 2003) (finding that "[p]laintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification."); *Nasca v. GC Servs. LP*, No. 01CIV10127(DLC), 2002 WL 31040647, 2002 U.S. Dist. LEXIS 16992, *3 (S.D.N.Y. Sept. 12, 2002) (refusing to find plaintiff's complaint moot where plaintiff had not "had a reasonable opportunity to file a motion for certification[]" prior to defendant's Offer of Judgment); *Herzlinger v. Nichter*, No. 09 Civ.

00192(JSG)(PED), 2011 WL 4585251, 2011 U.S. Dist. LEXIS 116841 (S.D.N.Y. Sept. 8, 2011). In *3081 Main Street, LLC v. Business Owners Liability Team LLC*, No. 3:11–cv–1320 (SRU), 2012 WL 4755048 (D.Conn. Sept. 24, 2012), the court stated: "I need not pass upon the merits of the *Damasco* decision; suffice it to say that the Second Circuit has never adopted such a rule and at least four other circuits have reached the opposite conclusion." *See Curtin v. Mitnick Law Office*, et al, 7:13-cv-03142(NSR)(S.D.N.Y. Sept. 10, 2013)**(Exhibit 2).**

**B. Defendant's Offer of Judgment Did Not Offer Plaintiff Complete Relief Because It Did Not Include a Potential Incentive Award**

Further, defendant's offer of judgment did not offer plaintiff an incentive award, which is a monetary relief plaintiff could request as a class representative if he successfully pursued the class claims. *Espenscheid v. Directsat USA, LLC*, 688 F.3d 872 (7th Cir. 2012). In *Espenscheid*, the district court decertified previously certified classes in a wage-and-hour case. The named plaintiffs then settled, reserving the right to appeal decertification, which they did. Defendant moved to dismiss the appeal for mootness.

The *Espenscheid* court held that because the plaintiffs had the right to seek an incentive award for their services as the class representatives, which was contingent on class certification, they continued to have a tangible financial stake in representing the class and securing a reversal of decertification:

> Without certification there is no class for a plaintiff to represent, and so he cannot hope to obtain an incentive award; he has accomplished nothing for the class and his own claim has been satisfied as the result of a voluntary negotiation. But if he is permitted to appeal the denial of class certification and prevails and on remand remains the class representative despite having settled his individual claim, he can look forward to eventually receiving an incentive award. (688 F.3d at 875)

The *Espenscheid* court concluded that the prospect of an incentive award for a class plaintiff who has otherwise settled his class claim is akin to a damages payment agreed in a settlement to be contingent on the outcome of the appeal, and the prospect of such a payment, though probabilistic rather than certain, is sufficient to confer standing. Accordingly, there was no basis for dismissing the appeal as moot.

Thus, since plaintiff could apply for an incentive award for successfully pursuing the class claims, his case cannot be mooted by an offer that does not attempt to provide anything for that right.

**C. The Effects of A Rule 68 Offer of Judgment When A Motion for Class Certification is Pending**

*Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) established a heightened standard for protecting the interest of the class in class action cases. *Damasco* held that "Class-action plaintiffs can move to certify the class at the same time that they file their Complaint; the pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." 662 F.3d at 896; *see also*, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1016-19 (7th Cir. 2014). Here, the defendant suggests that complying with the stringent standards set by *Damasco* and filing a motion for class certification with the complaint *still* does not afford a class plaintiff any protection from a Rule 68 mootness argument. (Def. Mem. p. 6).

Although there are decisions contrary to the 7th Circuit's *Damasco* decision, the Circuits are split on the issue, and the Supreme Court declined to resolve the issue in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) stating "[w]hile the Courts of Appeal disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split because the issue is not properly before us." *Id.*

at 1528-1529. The Supreme Court did not address the issue that is presently before this Court. However, other New York district courts have opined that an unaccepted offer of judgment does not moot a class plaintiff's claims, absent excessive delay in the plaintiff filing a motion for class certification, which clearly is not the case here. In rejecting the application of *Damasco* courts in this district have held that it would be "'absurd' to force plaintiffs to file motions for class certification with the complaint[.]" *White v. OSI Collection Services, Inc.*, 01-CV-1343(ARR), 2001 WL 1590518 (E.D.N.Y. Nov. 5, 2001).

Here, plaintiff took all of the necessary steps to protect the interest of the class claims. Plaintiff filed his motion for class certification, and memorandum in support of class certification to avoid having the class claims mooted by a Rule 68 offer of judgment or other tender, and in light of the *Damasco* decision. Generally, courts in this Circuit have denied (without prejudice) motions for class certification filed shortly after the filing of the complaint, stating that *Damasco* is not the law in this circuit. *Kivo v. Blumberg Excelsior, Inc.*, *et al* 1-13-cv-004170(ADS)(AKT)(E.D.N.Y.)(**Exhibit 3**); *Kupferstein v. The TJX Companies, Inc.*, 1:13-cv-04202(RJD)(VMS)(E.D.N.Y)(**Exhibit 4**) . New York district courts generally rule that the filing of class certification motions prematurely is an unnecessary practice because here a Rule 68 offer tendered early in the litigation would not moot plaintiff's claims. *See Curtin v. Mitnick Law Office* (**Exhibit 2**)**;** *Kahn v. Select Portfolio Servicing, Inc* (**Exhibit 1**); and *Pascal v. Invoice Audit Services, Inc.*, 13 CV 8723(NSR)(PED)(S.D.N.Y.)(**Exhibit 5**)

Most recently, in *Tocco v. Real Time Resolutions, Inc.*, 0:14-cv-00810-WHP, 2014 WL 3964948 (S.D.N.Y. Aug. 13, 2014). Judge William H. Pauley, III entered an order denying defendant Real Time's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). In *Tocco v. Real Time Resolutions, Inc.*, Real Time argued that its tender of an offer of judgment pursuant to

Fed.R.Civ.P. 68 *after* plaintiff had filed a motion for class certification, mooted plaintiff's class claims. Thus the *Tocco* Court considered the issue of whether an offer of judgment tendered after the plaintiff had moved for class certification[2] could moot plaintiff's class claims and divest the Court of subject matter jurisdiction. The *Tocco* Court stated "If a Rule 68 Offer made before a plaintiff had a reasonable time to move for class certification could not moot a claim, then by extension a Rule 68 Offer made after the plaintiff has moved for class certification should not do so." *Tocco* at *5.

Further, this Court has declined to hold that a Rule 68 offer of judgment made to a named plaintiff a mere two months after the commencement of the action (but before plaintiff had moved for class certification) mooted the named plaintiff's class claims, particularly since the plaintiff did move for class certification within two weeks after the defendant's tender of the Offer of Judgment. *Thomas v. American Service Finance Corp.*, 966 F. Supp.2d 82, 94 (E.D.N.Y. 2013).

Here, plaintiff did everything he could do to protect and preserve the class claims. Plaintiff immediately filed his motion for class certification with his initial complaint as well as his amended complaint. To allow a defendant to pick-off a plaintiff in this situation would make it impossible to ever have a class certified. A class could never be certified if the filing of a motion for class certification concurrent with the filing of the complaint is deemed insufficient to avoid a Fed. R. Civ. P. 68 mootness issue.

In support of its position, defendant relies on cases brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216 *et seq*. (FLSA), where the court ruled that the claims of the

[2] In *Tocco* the plaintiff had filed a letter requesting leave to file a motion for class certification in accordance with the Court's Individual Practice Rules, but had not yet been given leave of Court to file a motion for class certification. The Tocco Court determined that for purposes of the motion to dismiss it would treat plaintiff's request for a pre-motion conference for leave to file a motion for class certification, as the actual motion for class certification.

individual plaintiff were moot after the defendant tendered an offer of judgment, and "no similarly situated individuals have opted in." *Briggs v. Arthur T. Mott Real Estate LLC*, 2006 WL 3314624 (E.D.N.Y. 2006). These cases are distinguishable from TCPA and other class action cases because the FLSA requires that proposed members of a FLSA collective action opt-in by formally consenting in writing to being a party to the action. Without consent no person will be bound by or benefit from the judgment. This point is key, because in many of the FLSA cases that the defendant relies on the court noted in its opinion that no class members had opted in, indicating that there were no interest other than those of the named plaintiff at stake. Defendant relies on *Briggs v. Arthur T. Mott Real Estate LLC*. However, this case is distinguishable from *Briggs.* In *Briggs*, plaintiff filed a class complaint asserting claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §216 *et seq*. (FLSA), where the court ruled that the claims of the individual plaintiff were moot after the defendant tendered an offer of judgment, and "no similarly situated individuals have opted in." The *Briggs* court further noted, that there was "no pending motion to certify the collective action" *Id.* at *3. In *Briggs* the plaintiff did not move for class certification which was a significant factor in the court's determination that Briggs claims were moot, stating "class certification has not been *sought* or granted." *Id*. at *4 (emphasis added). Thereby implying that the mere seeking of class certification, i.e. filing a motion for class certification affords protection from a Rule 68 mootness issue.

Similarly in *Ward v. Bank of New York*, 455 F.Supp.2d 262 (S.D.N.Y 2006), the plaintiffs asserted claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §216 *et seq*. which were brought as a collective action. As in *Briggs*, the *Ward* court noted that no persons had opted into Ward's collective action. *Ward* at *265. "in the twelve months since the original complaint was

filed, not one individual has come forward to opt in to Ward's FLSA collective action. Hence Ward advances only her own individual claims" *Id*. at *270.

Although *Franco v. Allied Interstate LLC*, 13-Civ-4053(KBF) is a FDCPA case where the court held the plaintiff's claims were moot as a result of the defendant's offer of judgment, it is also distinguishable from this case. In *Franco* the plaintiff moved for class certification after the Rule 68 offer of judgment was tendered. *See Tocco v. Real Time* at *5, where the court distinguishes *Franco* from *Tocco* based on the timing of the motion for class certification. Further, there is no indication that any other courts have followed *Franco*. Additionally, the *Franco* decision has been appealed to the Court of Appeals for the Second Circuit.

**III. CONCLUSION**

Based on the foregoing, the defendant's offer of judgment did not divest this Court of jurisdiction over plaintiff's claims and the defendant's motion to dismiss should be denied.

Respectfully submitted,

s/ Tiffany N. Hardy_____
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556
(516) 522-2621
(888) 522-1692 (FAX)

**CERTIFICATE OF SERVICE**

I, Tiffany N. Hardy, hereby certify that on August 25, 2014, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which will send notice to the following:

Abraham Kleinman akleinman@kleinmanllc.com

Cathleen M. Combs ccombs@edcombs.com

Dan Edelman dedelman@edcombs.com

Jeffrey Backman jeffrey.backman@gmlaw.com

Richard W Epstein richard.epstein@gmlaw.com

Shaji Mathew Eapen seapen@morganlawfirm.com

s/ Tiffany N. Hardy

Tiffany N. Hardy

Tiffany N. Hardy
Daniel A. Edelman
Cathleen M. Combs
EDELMAN COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 917-0379 (FAX)

12