IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
BRIAN M. JACKSON,                             :
individually and on behalf of a class,        :
                                              :
        Plaintiff,                            :
                                              :
        v.                                    :   Case No. 2:14-cv-02485-ADS-AKT
                                              :
CARIBBEAN CRUISE LINE, INC.,                  :
ADSOURCE MARKETING LTD,                       :
and DOES 1-10,                                :
                                              :
        Defendants.                           :
-------------------------------------------------------------x

## SECOND AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Brian M. Jackson brings this action to secure redress for the actions of defendants Caribbean Cruise Line, Inc. ("CCL"), and Adsource Marketing Ltd ("Adsource") in sending or causing the sending of unsolicited text message calls ("spam") to cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of spam to pay for it, the TCPA prohibits automated text messages to cellular phones.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

4. On information and belief the amount in controversy, with respect to the class as a whole, exceeds $5 million.

1

5. Venue in this District is proper for the same reason.

## PARTIES

6. Plaintiff Brian M. Jackson, is a resident of this district.

7. Defendant Caribbean Cruise Line, Inc. is a Florida corporation that has its principal offices at 5100 North State Road 7, Fort Lauderdale, Florida 33319.

8. Defendant Adsource Marketing Ltd is a company incorporated and existing under the laws of Canada with its principal place of business located 82 Pleasant Heights RR2, Pictou, Nova Scotia. Adsource does business throughout the United States and this District.

9. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the text message calls described below. Plaintiff does not know who they are.

## FACTS

10. On March 25, 2014, plaintiff Brian M. Jackson received an unsolicited text message call on his cellular telephone ((xxx) xxx-3726) from [nixcyzqienkm@mytextalerts.net](mailto:nixcyzqienkm@mytextalerts.net).

11. The text message reads "Enjoy your Two Cruise Tickets! Call to claim 954 507 7628" (Exhibit A)

12. Defendant AdSource sent the text message call to Plaintiff's cellular telephone on behalf of Defendant CCL.

13. On information and belief, the call was made on a mass basis, using an automated telephone dialing system.

14. On information and belief, the equipment used to make the subject text message call had the capacity to store or produce telephone numbers to be called, using a random number generator or sequential number generator and dial such numbers.

15. The call was without any personalization.

16. The subject text message call was made for telemarketing purposes.

17. There was no reason to call plaintiff other than for telemarketing purposes.

18. Discovery may reveal additional text message calls as well.

19. Defendant CCL is responsible for making or causing the making of the text message calls.

20. In its efforts to promote its cruise line, defendant CCL contracted with Adsource to make text message calls to consumers cellular telephone numbers.

21. Adsource sent the text message calls on behalf of, and at the direction of CCL.

22. Defendant CCL was aware that AdSource was making text message calls to consumers to promote its cruise line.

23. Plaintiff had no prior relationship with defendants and had not authorized the calls.

24. On information and belief, the text message calls were made as part of a mass broadcasting of text message calls.

25. Defendant CCL has repeatedly been sued for many automated telemarketing calls made on its behalf. *Cellco Partnership d/b/a Verizon Wireless, et al v. Plaza Resorts Inc. d/b/a Caribbean Cruise Line, et al*, SDFL 9:12-cv-81238-KAM; *Mark Volpe v. Caribbean Cruise Line Inc.*, NDIL 1:13-cv-01646; *Kevin McCabe v. B.L. Vacation Ownership, Inc.*, EDNY 1:13-cv-06131-JG-RML; *Todd C. Bank v. Caribbean Cruise Line, Inc.,* EDNY 1:11-cv-02744-MKB-VVP; *Eyal Vadai v. Celebration Cruise Line, LLC*, SDFL 0:14-cv-61190-JIC; *Todd C. Bank v. Caribbean Cruise Line, Inc.*, EDNY 1:12-cv-05572-ENV-RML; *Todd C. Bank v.*

*Caribbean Cruise Line, Inc.*, EDNY 1:12-cv-00584-JG-VMS; *Baker v. Caribbean Cruise Line, Inc.*, CV 13-8246-PCT-PGR, 2014 WL 880634 (D. Ariz. Mar. 6, 2014).

26. On information and belief, the phone number of plaintiff and the class members resides in a database that can be used to generate future calls using a random number generator or sequential number generator and dial such numbers.

27. There is no reasonable means for plaintiff or other recipients of defendants' text message calls to avoid receiving them.

28. There is a significant likelihood that plaintiff will be called again on behalf of defendants.

29. A text message is a call under the TCPA.

30. The TCPA, 47 U.S.C. § 227, prohibits unsolicited text message calls to cell phones:

> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–   \* \* \***
>
> > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

### COUNT I – TCPA

31. Plaintiff incorporates ¶¶ 1-30.

32. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

33. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls, in that they were required to pay for such receipt, either on a per message basis or because the receipt counted against the number of minutes or messages they pay for. Furthermore, plaintiff's statutory right of privacy was invaded.

34. Plaintiff and each class member is entitled to statutory damages.

35. Defendants violated the TCPA even if their actions were only negligent.

36. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent text message calls by or on behalf of defendant CCL.

38. The class is so numerous that joinder of all members is impractical. Plaintiff

alleges on information and belief that there are more than 40 members of the class.

39. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending automated text message calls.

    b. Whether defendants thereby violated the TCPA.

40. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

41. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

42. Class actions for TCPA violations are often appropriate. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv*., 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 WL 211013, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 WL 1932283, 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29,

2012).  Other cases include:   *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276,  2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Jay Clogg Realty Group, Inc. v. Burger King Corp.*, 298 F.R.D. 304 (D.Md. 2014); *Chapman v. Wagener Equities, Inc.*, 09 C 7299, 2014 WL 540250 (N.D.Ill., Feb. 11, 2014), leave to appeal denied, 747 F.3d 489 (7th Cir. 2014).

43. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against further text message calls to cellular telephones;

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

                      s/Daniel A. Edelman
                      Daniel A. Edelman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman (admitted *pro hac vice*)
Cathleen M. Combs (admitted *pro hac vice*)
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

8

## JURY DEMAND

Plaintiff demands trial by jury.

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman (admitted *pro hac vice*)
Cathleen M. Combs (admitted *pro hac vice*)
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on October 2, 2014, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which will send notice to the following:

Abraham Kleinman   akleinman@kleinmanllc.com

Cathleen M. Combs   ccombs@edcombs.com

Tiffany N. Hardy   thardy@edcombs.com mailto:dedelman@edcombs.com

Jeffrey Backman   jeffrey.backman@gmlaw.com

Richard W Epstein   richard.epstein@gmlaw.com

Shaji Mathew Eapen   seapen@morganlawfirm.com

s/Daniel A. Edelman<br>Daniel A. Edelman

Tiffany N. Hardy
Daniel A. Edelman
Cathleen M. Combs
EDELMAN COMBS, LATTURNER &
    GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 917-0379 (FAX)