**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
BRIAN M. JACKSON, individually and on
behalf of a class,

                            Plaintiff,

              - against -

CARIBBEAN CRUISE LINE, INC.,
ADSOURCE MARKETING LTD, and
DOES 1-10,

                            Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 14-2485 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Brian M. Jackson ("Plaintiff") brings this action, individually and on behalf of a class, against Defendants Caribbean Cruise Line, Inc. ("CCL"), Adsource Marketing LTD ("Adsource"), and "DOES 1-10" pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges that Adsource sent an unsolicited text message to Plaintiff on his cellular telephone on behalf of CCL, in violation of the TCPA.

Before the Court is Defendant CCL's motion to produce certain specified documents from non-party CSC Holdings, LLC ("Cablevision") pursuant to the Cable Communications Policy Act of 1984 (the "Cable Act"), 47 U.S.C. § 551(c)(2)(B), and Rule 26 of the Federal Rules of Civil Procedure. After serving a subpoena on Cablevision, CCL was advised that Cablevision is prohibited from disclosing personally identifiable information of any of its subscribers (*i.e.*, Plaintiff) in the absence of a Court Order. In the present motion, CCL seeks the issuance of a Court Order permitting the release of non-party subscriber information from

Cablevision in order to discover the circumstances underlying the March 14, 2014 text message at issue in this case. Plaintiff does not oppose the motion. For the reasons set forth below, Defendant CCL's motion is hereby GRANTED, in part, and DENIED, in part.

## II. BACKGROUND

### A. The Second Amended Complaint

On March 25, 2014, Plaintiff received an unsolicited text message call on his cellular telephone from nixcyzqienkm@mytextalerts.net. *See* Second Amended Complaint ("Compl.") ¶ 9. The text message read "Enjoy your Two Cruise Tickets! Call to claim 954 507 7628." *Id.* ¶ 10. According to Plaintiff's counsel, Defendant Adsource sent the text message call to Plaintiff's cellular telephone on behalf of Defendant CCL. *Id.* ¶ 12. Plaintiff asserts that the call was made on a mass basis using an automated telephone dialing system and that the equipment used to make the subject text message call had the capacity to store or produce telephone numbers to be called, using a random number, or sequential, number generator. *Id.* ¶¶ 13-14. Plaintiff states that the call lacked any personalization and was made solely for telemarketing purposes. *Id.* ¶¶ 15-17. According to Plaintiff, a text message constitutes a "call" under the TCPA, which, in turn, prohibits unsolicited text message calls to cellular phones. *Id.* ¶¶ 29-30.

Defendant CCL was allegedly responsible for making or causing the text message calls to be made. *Id.* ¶ 19. As set forth in the amended pleading, CCL contracted with Adsource to make text message calls to cellular telephone numbers. *Id.* ¶ 20. The Plaintiff alleges that Adsource sent the text message calls on behalf of and at the direction of CCL. *Id.* ¶ 21. Plaintiff claims CCL was aware that Adsource was making text message calls to consumers to promote its cruise line. *Id.* ¶ 22. Plaintiff claims that he has no prior relationship with CCL and did not authorize the calls. *Id.* ¶ 23. According to Plaintiff, the text message calls

2

were made as part of a mass broadcasting. *Id.* ¶ 24. Plaintiff maintains that there is no reasonable means for the recipients of CCL's texts to stop incoming messages. *Id.* ¶ 27. Finally, Plaintiff states that there is a significant likelihood that he will be called again on behalf of CCL. *Id.* ¶ 28.

> **B.** **Relevant Procedural History**

The parties participated in a Telephone Status Conference with the Court on August 6, 2014. *See* DE 39. In pertinent part, the Court noted that on July 23, 2014, Defendant CCL filed the instant motion to compel non-party Cablevision to produce certain specified documents, pursuant to 47 U.S.C. § 551(c)(2)(b). *Id.* ¶ 1. Upon the Court's inquiry, Plaintiff's counsel confirmed that he will not be filing any opposition to CCL's motion. *Id.* Accordingly, the Court deemed CCL's July 23, 2014 motion fully submitted. *Id.*

> **C.** **The Instant Motion for Court Authorization**

On July 23, 2014, CCL filed the instant motion, pursuant to 47 U.S.C. § 551(c)(2)(b), seeking the release of subscriber information from non-party Cablevision. *See* Def. CCL's Mot. For Court's Authorization Pursuant to 47 U.S.C. Section 551(c)(2)(b) and Memorandum in Supp. ("CCL Mot.") [DE 37]. CCL served Cablevision with a subpoena, dated July 7, 2014, seeking to "obtain necessary information in developing its case, specifically relating to the issue of Plaintiff's consent to receive SMS messages similar to the one he allegedly received." *Id.* at 2; *see also* Jul. 7, 2014 Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises in a Civil Action annexed to the CCL Mot. as Ex. "A" (the "Subpoena") [DE 37-1]. In the Subpoena, CCL requested the following three categories of documents:

(1) Internet Protocol ("IP") Address Log Records for 160.150.107.5; (2) subscriber information for telephone numbers (516) 319-3726 and (516) 922-1576; and (3) e-mail account information for mtmacchio@optonline.net. *See id*.

On July 9, 2014, Cablevision sent CCL a letter in response to the Subpoena. *See* Jul. 9, 2014 Ltr. from Cablevision to CCL [DE 37-2]. In its letter, Cablevision explained that under the Cable Act, § 551(c)(2)(B), cable operators are prohibited from disclosure of "subscriber personally identifiable information" absent a Court Order. *Id*. at 1. Cablevision explained that such Court Order must including the following information: (1) the IP or e-mail address information sought; (2) inbound or outbound call detail records of the telephone number; and (3) a direction to Cablevision to disclose the subscriber's personally identifiable information pursuant to 47 U.S.C. § 551(c)(2)(B). *Id.* Further, in accordance with the Cable Act, Cablevision requires advance notice of a Court Order to its subscribers. *Id*. The Court Order must allow Cablevision at least 5 additional business days to serve notice upon the subscriber and to comply with the Order. *Id*. Finally, Cablevision informed counsel for CCL that it reserves the right to seek reimbursement of the reasonable costs associated with the production of the records. *Id*. at 2. Moreover, Cablevision explained that the issuance of a Court Order does not guarantee the retrieval of the requested information. *Id*.

In the instant motion, CCL seeks an order from this Court, pursuant to 47 U.S.C. § 551(c)(2)(B), authorizing Cablevision to release the identifying personal information related to: (1) IP Address 160.150.107.5 for March 14, 2014 (between 12:50-1:00 a.m. and p.m. E.S.T.); (2) telephone numbers (516) 319-3726 and (516) 922-1576; and (3) email address mtmacchio@optonline.net. Counsel for Plaintiff does not oppose the motion. *See* Decl. of Raul Valero in Supp. of CCL's Mot. annexed to the CCL Mot. as Ex. "E," ¶ 3 [DE 37-5].

## III. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant, non-privileged information which "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"); *Greene v. City of New York*, No. 08 Civ. 243, 2012 WL 5932676, at *3 (E.D.N.Y. Nov. 27, 2012) (citing *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (explaining that Rule 26 must be construed broadly to include any matter that has, or could reasonably have, bearing on any issue that is, or may be, in the case); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable.").

Notwithstanding the foregoing principles, however, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover,* No. 05 Civ. 1924, 2009 WL 585430, at *5 (D.Conn. Mar. 4, 2009); *Evans v. Calise,* No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)). In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008)); *Barbara*, 2013 WL 1952308, at *3 ("Courts afford broad discretion in magistrates' resolution of discovery disputes."); *Coggins v. Cnty. of Nassau*, No. 07 Civ. 3624, 2014 WL

495646, at *2 (E.D.N.Y. Feb. 6, 2014) (A district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential.") (internal quotation omitted).

"Under the Cable Act, cable providers must give notice to their customers of the nature of the [personally identifiable information] that they collect, how it is used, the nature, frequency and purpose of any [personally identifiable information] disclosures and their retention of such information, all as provided for by 47 U.S.C. § 551(a)(1)." *Parker v. Time Warner Entm't Co., L.P.*, 631 F. Supp. 2d 242, 247 (E.D.N.Y. 2009). A "cable operator" is defined under the Cable Act as a "group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). According to Section 551 of the Cable Act, "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable." 47 U.S.C. § 551(c)(1). However, personally identifiable information may be disclosed by a cable operator if the disclosure is, *inter alia*, "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person whom the order is directed." 47 U.S.C. § 551(c)(2)(B); *see also In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, No. Misc. 08-347, 2010 WL 2219343, at *6 n.12 (E.D.N.Y. Feb. 5, 2010) ("Under 47 U.S.C. § 551(c)(2)(B), Cablevision was required to notify Doe of the subpoena if it intended to release his subscriber information to [the creditor].").

Multiple courts in the Second Circuit have addressed disclosure of subscriber information from cable operators pursuant to the Cable Act in the context of motions for expedited discovery filed in copyright infringement cases in which the plaintiff seeks to uncover the identity of the alleged John Doe-defendant infringers. For example, in *Malibu Media, LLC v. DOES 1-4*, the court granted plaintiff's motion for expedited discovery of the names, addresses, email addresses, and Media Access Control address of four John Doe defendants pursuant to 47 U.S.C. § 551(c). *Malibu Media,* No. 12 Civ. 2955, 2012 WL 3104887, at *2 (S.D.N.Y. Jul. 31, 2012)**.** The Court found that "plaintiff has no reasonable means other than through the ISPs by which to identify the individuals allegedly involved in the swarm,[1] and the ISPs, in turn, are statutorily prohibited from providing this information to [plaintiff] absent a court order." *Id*. (citing 47 U.S.C. § 551(c)); *see also Digital Sin, Inc. v. DOES 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (explaining that 47 U.S.C. §§ 522(5) and 551(c) prevent ISPs from disclosing identities of customers without court-ordered subpoena). In *Next Phase Distrib., Inc. v. Does 1-27*, the court granted expedited discovery where plaintiff alleged a *prima facie* case of copyright infringement and had no other means of identifying the John Doe defendant without a court-ordered subpoena pursuant to 47 U.S.C. § 551(c). 284 F.R.D. 165, 171-172 (S.D.N.Y. 2012). Similarly, in *New Sensations, Inc. v. Does 1-32*, the Court found that plaintiff lacks all "reasonable means" other than through the ISPs by which to identify the individuals allegedly involved in the swarm, and the ISPs, again, are "statutorily prohibited" from providing such information to the plaintiff without a court order. *New Sensations,* No. 12 Civ. 3534, 2012 WL 3100816, at *2 (S.D.N.Y. Jul. 30, 2012). With these cases in mind, the Court now analyzes CCL's motion to compel

---

[1] "A swarm is a group of Internet users who come together to download and then, in turn, distribute by sharing with others, a file." *Malibu Media,* 2012 WL 3104887, at *1.

Cablevision to produce personally identifiable information of the non-party who purportedly sent the text message at issue in this case.

## IV. DISCUSSION

CCL seeks an Order from this Court pursuant to 47 U.S.C. § 551(c)(2)(B) authorizing Cablevision to disclose personally identifiable information concerning the Cablevision subscriber with the IP address 160.150.107.5, telephone numbers (516) 319-3726 and (516) 922-1576, and/or e-mail address mtmacchio@optonline.net. *See* CCL Mot. at 3. The foregoing information was retrieved from the record of the individual who sent the March 14, 2014 text message at issue. *Id.*; *see also* March 14, 2014 Text Message Sender Information annexed as Ex. "C" to the CCL Mot. [DE 37-3]. According to CCL, "[a]t least one of the telephone numbers [which] opted-in to receive SMS messages is the same telephone number at which Plaintiff alleges to have received the SMS message at issue." CCL Mot. at 3. CCL asserts that "[t]he information requested from Cablevision seeks to identify the owner, subscriber and/or authorized users of the telephone number(s) and the other information provided at the time of the opt-in consent to receive SMS messages and is thus necessary for this litigation, including, but not limited to, the paramount issue of consent." *Id*.

CCL argues further that Courts have applied a "good faith" standard to determine whether to authorize disclosure pursuant to 47 U.S.C. § 551(c)(2)(B). *Id*. However, CCL cites non-binding case law from outside the Second Circuit in support of this assertion – specifically, cases from the Supreme Court of Delaware and the Eastern District of Pennsylvania. *Id*. CCL asserts that good faith similarly exists here to compel the disclosure of the requested materials. *Id.* CCL states that it is "unable to positively identify the account holder through any other means" but for a subpoena in light of the "proprietary nature of Cablevision's records" as well as

the "absence of publically [sic] available information" on the third-party subscriber. *Id*. The identity of the subscriber is "crucial as it is the central focus of this TCPA litigation and will aid CCL in preparation of its defenses in this action." *Id*. at 3-4. According to CCL, its investigation revealed that Plaintiff's phone number (ending in 3726) was entered as part of an "opt-in program to receive text messages." *Id*. at 4. Such information, CCL maintains, "would allow all parties to better understand the circumstances surrounding the alleged text message described in Plaintiff's Amended Complaint." *Id*. Further, Plaintiff points out that the "originating IP address logs, held by the internet service provider, are perishable in nature." *Id*. Finally, CCL notes that the proposed amended subpoena annexed to its motion meets all the requirements set forth in Cablevision's July 9, 2014 denial letter. *Id*.; *see also* Proposed Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises in a Civil Action annexed as Ex. D to the CCL Mot. ("Proposed Subpoena") [DE 37-4].

Having reviewed and considered the arguments raised in Defendant CCL's uncontested motion, the Court hereby GRANTS, in part, and DENIES, in part, the motion to compel disclosure from Cablevision, pursuant to Section 551 of the Cable Act. The Court finds that the release of non-party subscriber information from the individual who sent Plaintiff the March 14, 2014 text message is central to establishing CCL's defenses in this TCPA action. "The TCPA explicitly exempts from liability autodialed calls to a cell phone 'made with the prior express consent of the called party.'" *Levy v. Receivables Performance Mgmt*., LLC, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013) (quoting 47 U.S.C. § 227(b)(1)(A)). "'Prior express consent' is, therefore, an affirmative defense to an alleged TCPA violation, for which the defendant bears the burden of proof." *Id.* (citing *Grant v. Capital Mgmt. Servs., L.P*., 449 F. App'x 598, 600 n.1 (9th Cir. 2011) (summary order)). Therefore, compelling disclosure of documents associated with the

requested IP address, cellular phone numbers, and e-mail address would be relevant to addressing the issue of whether Plaintiff "opted-in" or manifested consent to receiving the allegedly unlawful text message from CCL on March 14, 2014. Similar to the movants in *Malibu Media*, *Next Phase,* and *New Distrib.*, CCL has no reasonable means other than through the disclosure of this third party subscriber information by which to identify the individuals allegedly involved in the sending and receiving of the text message in this case. Accordingly, the Court hereby endorses, in part, Plaintiff's Proposed Subpoena pursuant to 47 U.S.C. § 551(c)(2)(b).

The Court, however, fails to see the relevance of several categories of information sought by CCL in the "Other User Information" subsection of its Proposed Subpoena. *See* Proposed Subpoena at 5. There, CCL seeks to identify the gender, date of birth, schools, clubs, associations, alumni, profession, graduation dates, qualifications, hobbies, employer, URL links, and "[a]ny other information provided by the user." *Id*. at 5-6. Apart from the subscriber's gender and date of birth, the other information requested by CCL here is not relevant to ascertaining whether or not Plaintiff opted-in to receiving the text message at issue. Disclosure of some of this information appears to serve no purpose germane to this litigation. As such, the Court modifies the "Other User Information" subsection of the subpoena to exclude all categories listed there except for gender and date of birth, pursuant to this Order.

Finally, the Court notes that disclosure of materials produced by Cablevision shall be subject to the parties' Protective Order Regarding Confidentiality which was "so ordered" by the Court on July 16, 2014. *See* DE 36; *see also* Jul. 16, 2014 Electronic Order.

## V. CONCLUSION

Based on the foregoing information, the Court hereby GRANTS, in part, and DENIES, in part, the motion to compel Cablevision to disclose certain information. The Court will endorse CCL's Proposed Subpoena [DE 37-4] as modified above. CCL is directed to provide the Court with a revised subpoena and Exhibit "A" for the Court to "so order" and for CCL to serve on Cablevision with a copy of this Order.

Any materials produced by Cablevision pursuant to the subpoena shall be subject to the terms and conditions of the parties' Protective Order Regarding Confidentiality [DE 36]. Cablevision is directed to produce the requested records to counsel for CCL within thirty (30) days.

**SO ORDERED.**

Dated: Central Islip, New York
November 19, 2014

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge