Richard W. Epstein
Jeffrey A. Backman
GREENSPOON MARDER, PA
*Admitted Pro Hac Vice*
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120

Shaji M. Eapen
Morgan Melhuish Abrutyn
651 West Mt Pleasant Avenue, Suite 200
Livingston, NJ 07039
973-994-2500

*Attorneys for CCL*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------- x  **ECF Case**

BRIAN M. JACKSON
Individually and on behalf of a class      Case No.: 2:14-cv-02485-ADS-AKT

                Plaintiffs,

    v.

CARIBBEAN CRUISE LINE, INC.,
ADSOURCE MARKETING LTD,
and Does 1-10

                Defendants.

------------------------------------- x

**DEFENDANT CARIBBEAN CRUISE LINE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

    Defendant CARIBBEAN CRUISE LINE, INC. ("CCL"), submits its ANSWER and AFFIRMATIVE DEFENSES in response to Plaintiff BRIAN M. JACKSON'S Third Amended Class Action Complaint (the "Amended Complaint").

## INTRODUCTION

    1.    CCL admits that Brian M. Jackson is bringing this action to secure redress, but CCL denies any wrongdoing and therefore denies the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

1

2. CCL denies the truth of the allegations contained in Paragraph 2 of the Amended Complaint and respectfully refers to the TCPA for its proper interpretation and effect.

## JURISDICTION AND VENUE

3. With respect to Paragraph 3 of the Amended Complaint, CCL admits that this Court has subject matter jurisdiction over this action and that Plaintiff cites two cases, but otherwise refers to the cases for their proper interpretation and effect.

4. CCL denies the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5. CCL denies the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

## PARTIES

6. CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and they are therefore denied.

7. CCL admits the allegations contained in Paragraph 7 of the Amended Complaint.

8. CCL admits that Adsource Marketing has or had a mailing address of 82 Pleasant Heights RR2, Pictou, Nova Scotia, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and they are therefore denied.

9. CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint, and they are therefore denied.

## FACTS

10. CCL denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 10 of the Amended Complaint.

11. With respect to Paragraph 11 of the Amended Complaint, CCL admits only that there is an Exhibit A attached to the Amended Complaint but CCL respectfully refers to Exhibit A for its proper interpretation and effect.

12. CCL denies the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. CCL denies the truth of the allegations contained in paragraph 13 of the Complaint.

14. CCL denies the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15. CCL denies the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16. CCL denies the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17. CCL denies the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18. CCL denies the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19. CCL denies the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20. CCL denies the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21. CCL denies the truth of the allegations contained in Paragraph 21 of the Amended

Complaint.

## RELATIONSHIP BETWEEN CCL AND ADSOURCE

22. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23. CCL denies the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24. CCL admits that it was aware that consumers who completed an online opt-in form and did not call after submitting their form were sent a text message. The text message was authorized after the consumer opted-in and as long as the text messages were complaint. CCL refers to the agreement between AdSource and CCL for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25. CCL denies the truth of the allegations contained in Paragraph 25 of the Amended Complaint.

26. CCL admits that it provided approved complaint language to be utilized in text messages, sent by AdSource, after receiving the consent. CCL denies the truth of the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the

remaining allegations contained in Paragraph 28 of the Amended Complaint.

29. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 31 of the Amended Complaint.

32. CCL denies the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34. CCL denies the truth of the allegations contained in Paragraph 34 of the Amended Complaint.

35. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 35 of the Amended Complaint.

36. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37. CCL denies the truth of the allegations contained in Paragraph 37 of the Amended Complaint.

38. CCL admits only that there was an agreement between AdSource and CCL and CCL refers to that agreement for its proper interpretation and effect. CCL denies the truth of the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39. CCL admits the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

40. With respect to Paragraph 40 of the Amended Complaint, CCL admits only that Plaintiff refers to certain cases previously filed in other federal courts, but denies that they have relationship to the issues in this case or that those cases have any bearing upon a fact or issue as pleaded by Plaintiff. Plaintiff includes these citations in the hopes of prejudicing the Court and/or a jury and CCL will move to strike these matters from the Amended Complaint at the appropriate time.

41. CCL denies the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

42. CCL denies the truth of the allegations contained in Paragraph 42 of the Amended Complaint.

43. CCL denies the truth of the allegations contained in Paragraph 43 of the Amended Complaint.

44. CCL denies the truth of the allegations contained in Paragraph 44 of the Amended Complaint and respectfully refers to the TCPA for its proper interpretation and effect.

45. CCL denies the truth of the allegations contained in Paragraph 45 of the Amended Complaint and respectfully refers to the TCPA for its proper interpretation and effect.

# COUNT I
## TELEPHONE CONSUMER PROTECTION ACT
**(On Behalf of the Class)**

46. CCL hereby incorporates its answers to all preceding Paragraphs as if fully set forth herein.

47. CCL denies the truth of the allegations contained in Paragraph 47 of the Amended Complaint and refers to the referenced statute for its proper interpretation and effect.

48. CCL denies the truth of the allegations contained in Paragraph 48 of the Amended Complaint.

49. CCL denies the truth of the allegations contained in Paragraph 49 of the Amended Complaint.

50. CCL denies the truth of the allegations contained in Paragraph 50 of the Amended Complaint.

51. CCL denies the truth of the allegations contained in Paragraph 51 of the Amended Complaint.

## CLASS ALLEGATIONS

52. CCL admits only that Plaintiff purports to bring a class action. However, CCL denies the remaining allegations of paragraph 52.

53. CCL denies the truth of the allegations contained in Paragraph 53 of the Amended Complaint.

54. CCL denies the truth of the allegations contained in Paragraph 54(a) and 54(b) of the Amended Complaint.

55. CCL denies the truth of the allegations contained in Paragraph 55 of the Amended Complaint.

21779138v2

56. CCL denies the truth of the allegations contained in Paragraph 56 of the Amended Complaint.

57. CCL denies the truth of the allegations contained in Paragraph 57 of the Amended Complaint, and CCL notes that the authorities cited by Plaintiff speak for themselves and CCL respectfully refers to those authorities for their proper interpretation and effect.

58. CCL denies the allegations of Paragraph 58 of the Amended Complaint, including the allegations contained in subsections "a" through "e", and denies that Plaintiff is entitled to any relief. CCL respectfully requests that this Court enter an order granting judgment in favor of CCL and dismissing Plaintiff's Amended Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

CCL states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Amended Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of CCL's Defenses. Accordingly, CCL asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action. *State of N.Y. v. Almy Bros.*, 971 F. Supp. 69 (N.D.N.Y. 1997) ("Affirmative defense of failure to state claim is routinely included in answer, and is rarely, if ever, stricken by court as legally insufficient."). Further, this defense includes but is not limited to, Plaintiff's failure to state a claim under the TCPA because CCL did not make or initiate the alleged text message to Plaintiff. 47 U.S.C. § 227(b)(1)(A). Compare this Subsection to Subsection 227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list). Subsection 227(c)(5) is the only section within the entire text of the TCPA where Congress

chose to use the words "on behalf of". Subsection 227(c) is not at issue in this case. *See also Ashland Hosp. Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F. Supp. 2d 633 (E.D. Ky. 2011) (dismissing a complaint brought against an entity that did not make the alleged violative calls); *Thomas v. Taco Bell Corp.*, SACV 09-01097-CJC, 2012 WL 3047351 at * 4 (C.D. Cal. June 25, 2012) *aff'd,* 582 F. App'x 678 (9th Cir. 2014) (finding that Section 227(b) imposes liability only on the "maker" of the call); *Mey v. Pinnacle Security, LLC*, Civil Action No. 5:11CV47, 2012 WL 4009718, *4 (N.D. W. Va. Sep. 12) (finding that Section 227(b)(3) imposes liability only on the "maker" of the call); *Zerson v. PT Ins. Group*, No. 11 C 7919, 2012 WL 5936286 (N.D. Ill. Nov. 27) (analyzing a junk fax TCPA claim pursuant to § 227(b)(1)(C) and refusing to impose liability on the entity that did not send the alleged violative fax despite paying a third party to send the fax on its behalf); *Zhu v. Dish Network, LLC*, 808 F.Supp.2d 815 (E.D. Va. 2011) (concluding that the VTPPA did not impose liability on the provider whose independently controlled telemarketers violated the statute); *Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala. Civ. App. 2005) (concluding that liability may be affixed upon a person who "makes" a telephone call or "uses" a fax machine and refusing to impose liability upon a company's promoter where there was no evidence of direct involvement in the decision to send, or in the sending of, the allegedly prohibited facsimiles); *Charvart v. Farmers Insurance Columbus* (2008), 178 Ohio App. 3d 118, 2008-Ohio-4353, 897 N.E.2d 167.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods

for fairly and efficiently adjudicating the claims Plaintiff asserts warrant class treatment. Further, the proposed class is overly broad.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CCL, but by another person or entity, including Plaintiff, for whom CCL is not responsible and over whose activities CCL exercises no control and/or has no right to control.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he had an established business relationship with CCL.

### FIFTH AFFIRMATIVE DEFENSE

CCL is not liable for the acts of the third party(ies) making and/or initiating the text message(s) and recovery, if any, should be from the third party(ies) that made and/or initiated the text message(s), not CCL. *See Appplestein v. Fairfield Resorts*, No. 0004, Sept. Term, 2007, 2009 WL 5604429 (Md. Ct. Spec. App. July 8, 2009); *see also Taco Bell Corp.*, 2012 WL 3047351 at * 4.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel. Indeed, by way of example, discovery may show that Plaintiff himself opted-in to feign liability and bring this suit.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and class members' consent to receive text messages on their cellular and/or residential telephones. Further, the issue of consent creates individualized issues, and will predominate over common issues, negating class certification. *See e.g. Versteeg v. Bennett, Deloney & Noyes, P.C.,* 271 F.R.D. 668, 674 (D.Wyo.2011) (holding that because

*CCL's Answer to Plaintiff's
Third Amended Complaint*

"the TCPA claims will require extensive individual fact inquiries into whether each individual gave 'express consent' by providing their wireless number to the creditor during the transaction that resulted in the debt owed ... individual inquiries [ ] predominate over the class action").

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages and was not charged for the subject text message.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for treble damages are barred because CCL did not engage in knowing or willful misconduct. Indeed, a text message would apparently only be sent to a party who opted-in by providing his/her telephone number to the entity sending the alleged text message(s).

### TENTH AFFIRMATIVE DEFENSE

CCL complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by CCL's compliance with all applicable State, Federal, and local laws and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates CCL's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of CCL's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf...A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman,* 164 *F.R.D.* 400, at 404-05.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Unclean Hands and/or Waiver. Indeed, by way of example, discovery may show that Plaintiff himself opted-in to feign liability and bring this suit.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under the TCPA for text messages it did not make and/or initiate, the TCPA does not provide for any such liability, including, but not limited to, strict "on behalf of" liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the text messages were not sent using an automatic telephone dialing system as defined under the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

21779138v2

Plaintiff's claims are barred because the text messages about which Plaintiff complains do not constitute telephone solicitations, because they were not made for the purpose of encouraging the purchase of property, goods, or services.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*. Indeed, by way of example, Plaintiff may have requested and/or paid a third party to opt-in his information to feign liability.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under any theory of vicarious liability, no such claims have been pleaded nor does the law provide for such a remedy.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the imposition on CCL of statutory damages and/or exemplary/punitive damages under the TCPA would violate the Due Process provisions of both the United States Constitution and the New York Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or should be stayed pursuant to the doctrine of primary jurisdiction and this Court's inherent powers in light of the several Petitions for Declaratory Ruling pending before the FCC and the numerous previously filed class actions against CCL seeking to certify identical classes.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification because Plaintiff acquiesced to any conduct allegedly engaged in by CCL.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

21779138v2

Assuming for the sake of argument that Adsource is considered an agent, CCL had no knowledge of or reasonable grounds to believe in the existence of facts as alleged in the Amended Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

CCL has acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by CCL at the time it so acted.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

While denying any and all liability, any contracts between CCL and Adsource, who may have sent the text message at issue, required AdSouce to comply with all applicable federal and state laws, rules and regulations, including the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Assuming AdSource is responsible for the text message, the text was a mistake of fact, and not attributable to CCL.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The acts alleged in the Amended Complaint were performed, if at all, by individuals and/or entities for whom CCL is not vicariously liable and any such alleged conduct was outside the course and scope of any relationship with CCL.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Assuming AdSource sent the text message, it had no express, implied, or apparent authority from CCL to engage in the conduct described in the Amended Complaint.

21779138v2

*CCL's Answer to Plaintiff's Third Amended Complaint*

## TWENTY-NINTH AFFIRMATIVE DEFENSE

CCL cannot be held liable for any alleged violation, because CCL has established and implemented, with due care, reasonable practices and procedures to effectively prevent any violation of the Telephone Consumer Protection Act, and any other related regulation(s).

## RESERVATION

CCL reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant, Caribbean Cruise Line, Inc., respectfully requests that this Court enter judgment against Plaintiff and in favor of CCL, dismiss this action with prejudice, deny Plaintiff's request for class certification, award CCL its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: March 17, 2015

/s/ *Jeffrey A. Backman*
Jeffrey A. Backman (*Admitted Pro Hac Vice*)
Fla. Bar No. 662501
Richard W. Epstein (*Admitted Pro Hac Vice*)
Fla. Bar No. 229091
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.213.0140 (Facsimile)
-and-
Shaji M. Eapen
Morgan Melhuish Abrutyn
651 West Mt Pleasant Avenue, Suite 200
Livingston, NJ 07039
973-994-2500

*Attorneys for Defendant Caribbean Cruise Line, Inc.*

*CCL's Answer to Plaintiff's*
*Third Amended Complaint*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2015, I electronically filed the foregoing utilizing the Court's CM/ECF system on Counsel for Plaintiff:

Abraham Kleinman
Kleinman, LLC
626 RXR Plaza
Uniondale, NY 11556-0626
516-522-2621
Fax: 888-522-1692
Email: akleinman@kleinmanllc.com

Tiffany N. Hardy
Edelman Combs Latturner & Goodwin
120 S Lasalle Street
Suite 1800
Chicago, IL 60603
(312)739-4200
Fax: (312)419-0379
Email: thardy@edcombs.com

*ATTORNEYS for Plaintiff*

                                              */s/ Jeffrey A. Backman*
                                              JEFFREY A. BACKMAN

21779138v2