UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
BRIAN M. JACKSON, individually and on behalf of a class

                    Plaintiff,

        -against-

CARIBBEAN CRUISE LINE, INC., ADSOURCE MARKETING LTD, and DOES 1-10

                    Defendant(s).
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
14–cv–02485 (ADS) (AKT)

**APPEARANCES:**

**Kleinman, LLC**
*Co-Counsel for the Plaintiff*
626 RXR Plaza
Uniondale, NY 11556-0626
    By:    Abraham Kleinman, Esq., Of Counsel

**Edelman, Combs, Latturner & Goodwin, LLC**
*Co-Counsel for the Plaintiff*
20 South Clarke Street
Suite 1500
Chicago, IL 60603
    By:    Dan Edelman, Esq.,
            Cathleen M. Combs, Esq.,
            Tiffany N. Hardy, Esq., Of Counsel

**Siprut PC**
*Co-Counsel for the Plaintiff*
17 N State Street
Suite 1600
Chicago, IL 60602
    By:    Joseph Siprut, Esq.,
            Ismael T. Salam, Esq., Of Counsel

**WeiLite Depalma Greenberg LLC**
*Co-Counsel for the Plaintiff and Proposed Intervenor Richard Gordon*
211 W. Wacker Drive
Suite 500
Chicago, IL 60606
    By:    Kyle A. Shamberg, Esq., Of Counsel

**Greenspoon Marder, P.A.**
*Co-Counsel for the Defendant Caribbean Cruise Line, Inc.*
100 West Cypress Creek Road
Suite 700
Fort Lauderdale, FL 33309
    By:    Jeffrey Backman, Esq.,
            Richard W Epstein, Esq.,
            Brian Cummings, Esq., Of Counsel

**Morgan Melhuish Abrutyn**
*Co-Counsel for the Defendant Caribbean Cruise Line, Inc.*
651 West Mt Pleasant Avenue
Suite 200
Livingston, NJ 07039
    By:    Shaji Mathew Eapen, Esq., Of Counsel


**<u>NO APPEARANCES:</u>**

**Adsource Marketing Ltd**
*The Defendant*

**SPATT, District Judge**:

       This action was brought by the Plaintiff Brian M. Jackson (the "Plaintiff"), individually and on behalf of a class, against the Defendants Caribbean Cruise Line, Inc. (the "Defendant CCL"), Adsource Marketing Ltd (the "Defendant Adsource") and Does 1-10, alleging various violations of the Telephone Consumer Protection Act, 47 U.S.C. § 727 (the "TCPA").

       Presently before the Court are two motions. The Plaintiff has filed a motion pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 41 to dismiss the action. He asks that the Court dismiss his claims with prejudice and the claims of the class without prejudice. The second motion was made by Richard Gordon ("Gordon"), presently not a party to the action, seeking to intervene pursuant to Rule 24.

       For the following reasons, the Court grants the Plaintiff's motion to dismiss his claims with prejudice; finds that it does not have jurisdiction over any putative class claims upon dismissing

the Plaintiff's claims; and grants Gordon's motion to the extent that the Court accepts the motion as an amicus brief.

## I. BACKGROUND

### A. The Relevant Facts and Procedural History

On April 18, 2014, the Plaintiff, individually and on behalf of a class, filed a putative class action complaint against the Defendant CCL and Does 1-10 alleging various violations of the TCPA based upon unsolicited text messages sent to him.

On April 18, 2014, the Plaintiff filed a motion to certify the case as a class action. The Court denied that motion without prejudice on April 25, 2014, directing the Plaintiff to refile upon the completion of discovery.

On May 27, 2014, the Defendant CCL filed a motion to dismiss the complaint pursuant to Rule 12(b)(6).

On June 17, 2014, the Plaintiff filed his first amended complaint (the "FAC"), as well as another motion to certify the class. The Court once again denied the Plaintiff's motion to certify the class, directing him to refile the motion upon completion of discovery.

On July 7, 2014, the Defendant CCL filed an answer to the Plaintiff's FAC.

On September 18, 2014, the Plaintiff filed a motion seeking to amend his complaint a second time pursuant to Rule 15. The Court granted the motion as unopposed, and the Plaintiff filed a second amended complaint (the "SAC") on October 2, 2014, in which the Plaintiff alleged that the Defendant Adsource had also violated the TCPA.

On February 6, 2015, the Court received an order from the Judicial Panel on Multi District Litigation (the "JPMDL"), denying consolidation of four related matters: this action; *Richard Gordon v. Caribbean Cruise Line, Inc. and Travel Rewards LLC*, No. 14-cv-5848 (N.D. Ill.);

*Christopher Iosello v. Caribbean Cruise Line, Inc. and Travel Rewards LLC*, No. 14-cv-6118 (N.D. Ill.); and *David Izsak and Sunny Holmes v. Caribbean Cruise Line, Inc.*, No. 14-cv-62231 (S.D. Fla.). The JPMDL noted that the other actions had been stayed based on the "first filed" rule, and that Defendant CCL had represented that it would share any overlapping discovery.

On February 17, 2015, the Court issued a decision and order in which it granted the Defendant CCL's motion to dismiss the Plaintiff's SAC in its entirety. The Court granted the Plaintiff leave to replead agency liability under the TCPA.

On March 3, 2015, the Plaintiff filed a third amended complaint (the "TAC"). On March 12, 2015, the Clerk of the Court noted the Defendant Adsource's default. As of the date of this Order, the Plaintiff has not moved for a default judgment against the Defendant Adsource. The Defendant Adsource has not appeared in this action or filed any responsive pleadings.

On March 17, 2015, the Defendant CCL filed an answer to the TAC.

On July 27, 2016, the Plaintiff filed a motion to dismiss the action pursuant to Rule 41. The Defendant CCL, in its response, asked the Court to grant the Plaintiff's motion to dismiss to the extent that his individual claims be dismissed with prejudice, and to deny the Plaintiff's motion to the extent that the Court should dismiss the putative class action claims with prejudice.

On August 10, 2016, Gordon filed a motion that he termed a motion to intervene pursuant to Rule 24. The Court notes that Gordon does not seek to plead a claim or a defense in this action. As Gordon noted in his motion, "[he] is expressly *not* seeking to intervene as a plaintiff in this matter; rather, Gordon merely wishes to voice his objection to the relief CCL seeks, which would preclude him from prosecuting his own action in Illinois." (Gordon's Mem. of Law. at 7, ECF No. 127-1 (emphasis in original)). Namely, Gordon asked that the Court deny the Defendant CCL's request that the putative class action claims be dismissed with prejudice.

4

## II. DISCUSSION

### A. As to the Purported Motion to Intervene

Rule 24 states that anyone may intervene as a matter of right who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Permissive intervention is warranted where an individual or corporation "has a claim or defense that shares with the main action a common question of law or fact." *Id.* at 24(b)(1)(B).

Gordon does not seek to claim an interest in a property or transaction. He does have a claim against Defendant CCL, which he has asserted in the Northern District of Illinois. Gordon does not seek to assert that claim here. Gordon's motion merely seeks to bolster the Plaintiff's motion. If the Court were to dismiss the putative class claims with prejudice, it would necessarily affect Gordon's rights. Therefore, in the Court's view, Gordon's motion is an amicus brief. Gordon apparently admits this fact, and asked that the Court consider his motion as such in the even that it disagreed that he could intervene. The Court accordingly accepts Gordon's motion to intervene as an amicus brief and treats it as such.

### B. As to the Plaintiff's Motion to Dismiss

#### 1. Relevant Legal Standards

Rule 41 governs dismissals. A plaintiff may voluntarily dismiss an action without a court order, subject to Rules 23 and 66, "by filing i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). At all other times, a court order

is required, and the rules state that a dismissal without prejudice is the default type of dismissal under the rule. FED. R. CIV. P. 41(a)(2).

### 2. Application

The Second Circuit has not ruled explicitly on whether a named plaintiff in a purported class action must move, pursuant to Rules 23 and 41, for court approval of a dismissal prior to class certification. However, courts of the Second Circuit have permitted a plaintiff to dismiss putative class actions prior to certification without approval. *See, e.g., Kaszovitz v. Qiao Xing Universal Res., Inc.*, No. 12-cv-3745, 2012 WL 3224341, at *4 (S.D.N.Y. Aug. 7, 2012) ("Because court approval is unnecessary in the context of a Rule 41(a)(1)(A) motion when the class has not yet been certified, [the plaintiff] has successfully dismissed the Complaint, and the above-captioned matter was closed [when he filed his notice of dismissal]."); *Leonard v. Abbott Labs., Inc.*, No. 10-CV-4676, 2012 WL 764199, at *7 (E.D.N.Y. Mar. 5, 2012) (Spatt, J.) ("Generally, the dismissal of the named plaintiffs claims before a motion for class certification has been filed would result in the dismissal of the complaint . . . .").

Nevertheless, the Defendant CCL has filed an answer in this case, and therefore the Plaintiff would normally require an order from the Court. However, the Court notes that the Defendant CCL agrees that the Plaintiff's claims should be dismissed with prejudice. The Court treats this as a stipulation by all parties who have appeared for a dismissal of the Plaintiff's individual claims. Therefore, the portion of the Plaintiff's motion seeking to dismiss his individual claims is granted.

However, the Plaintiff further asked the Court to dismiss the claims brought on behalf of the putative class without prejudice. The Defendant CCL, in opposition, asks that the Court dismiss those claims with prejudice.

The Court notes that the case is only a putative class action at this point. The Court does not currently have jurisdiction over any putative class members. Although the Plaintiff has moved twice for class certification, the Court denied the motion both times as premature. The complaint only includes a cause of action made by the Plaintiff. There are currently no causes of action filed by a class. Therefore, in the Court's view, it does not have jurisdiction over any "class claims." *See Baxter v. Palmigiano,* 425 U.S. 308, 310 n. 1, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976) ("Without such certification and identification of the class [under Rule 23], the action is not properly a class action."); *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) ("But until certification, the jurisdiction of the district court depends upon its having jurisdiction over the claim of the named plaintiffs when the suit is filed and continuously thereafter until certification because until certification there is no class action but merely the prospect of one; *the only action is the suit by the named plaintiffs*.") (emphasis added); *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) ("Absent certification by a court and identification of the class, the action is not properly a class action . . . ."); *Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-cv-01058, 2012 WL 4482057, at *9 n.9 (E.D.N.Y. Sept. 26, 2012), *aff'd*, 519 F. App'x 77 (2d Cir. 2013) (dismissing only the named plaintiff's claims in a putative class action lawsuit pursuant to a Rule 12(b)(6) motion by the Defendant, because "Plaintiff has not moved to certify this case as a class action, nor has he been designated a class representative," and therefore there were "no other parties or claims" in the action."); *Biscone v. JetBlue Airways Corp.,* 681 F.Supp.2d 383, 386 (E.D.N.Y. 2010) ("As a general rule, until a class action is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, *the claims of potential class members cannot be considered.*") (emphasis added); *Bowens v. Atlantic Maintenance Corp.,* 546 F.Supp.2d 55, 76 (E.D.N.Y. 2008) ("[I]n the absence of certification,

there is no class action under Rule 23. The unnamed class members are not technically part of the action until the court has certified the class; therefore, once the named plaintiffs' claims are dismissed, there is no one who has a justiciable claim that may be asserted." (internal citations and quotations omitted)).

Therefore, as the cases suggest, once the Court granted the Plaintiff's motion to dismiss his claim, the case was closed. *See Kaszovitz*, 2012 WL 3224341, at \*4 (dismissing the named plaintiff's claims and finding the remaining motions moot because "[w]ithout a pending case or controversy, this Court is without jurisdiction to decide the pending motions before it."). The Court does not have jurisdiction over any class claims and therefore cannot dismiss them.

If the Court were to accept the Defendant CCL's argument, the Court would affect the legal standing of numerous individuals who are not before the Court. The Court believes that dismissing any claims before they are even before the Court would be a violation of procedural due process. The Defendant CCL has not provided any case law to support their contention that the putative class claims should be dismissed with prejudice. The Defendant CCL's memorandum is dedicated to how this suit has prejudiced them and how the case should therefore be dismissed with prejudice. The case currently only involves the Plaintiff. The Defendant CCL treats the putative class and the Plaintiff as one and the same. The Plaintiff has not been appointed a class representative, and therefore he does not represent anyone else's claims. Dismissal of his claims does not and cannot affect anyone else's claims. Any dismissal affecting the class's claims would be subject to Rule 23.

The cases to which Defendant cites in support of its proposition that the Court should impose restrictions upon the Plaintiff are either inapplicable or support the Court's decision. *See Goldlawr, Inc. v. Shubert*, 32 F.R.D. 467, 468 (S.D.N.Y. 1962) (not a class action); *Cauley v.*

*Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (imposing restrictions on a plaintiff in a case that was not a class action); *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982) (holding that, in a case that was not a class action, when the plaintiff seeks a voluntary dismissal in one forum to pursue pending litigation against the defendant in another forum, the defendant is not entitled to reimbursement for expenses incurred in preparing work product that had been or will be useful in the continuing litigation); *Shappell v. PPL Corp.*, No. 06-2078, 2007 WL 893910, at *3 (D.N.J. Mar. 21, 2007) (the class moved to dismiss); *Bentz v. Reed Elsevier, Inc.*, No. C-3-00-350, 2000 WL 33244507, at *8 (S.D. Ohio Dec. 5, 2000) (imposing restriction on named plaintiffs where the court dismissed without prejudice); *In re Phillips Petroleum Sec. Litig.*, 109 F.R.D. 602, 609 (D. Del. 1986) (imposing a restriction on the named plaintiff that he not file another class action after granting his motion to voluntarily dismiss, because it would prejudice class members).

Here, the Plaintiff is dismissing his claims with prejudice. Therefore, the Court need not place any restrictions on his dismissal. As his claims are dismissed with prejudice, he may not bring these claims elsewhere, whether in his individual capacity or as a class member.

Accordingly, the Plaintiff's motion is granted to the extent that his claims are dismissed with prejudice. To the extent that the Court has jurisdiction over any putative class claims, which it does not believe it does, those claims are dismissed without prejudice.

### III. CONCLUSION

Accordingly, the Court grants Gordon's motion to the extent that the Court accepted it as an amicus brief. Further, the Court grants the Plaintiff's motion pursuant to Rule 41 to dismiss his claims with prejudice. As stated above, the Court does not believe that it has jurisdiction over any other claims, but to the extent that the Court has jurisdiction over any putative class action

claims, those claims are dismissed without prejudice.  The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED:**

Dated: Central Islip, New York

January 21, 2017

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge